## MITCHELL & CO. v. GEORGE D. CROSS.

Where a promissory note is protested for non-payment, the holder and each successive endorser is allowed until the first mail, leaving in the usual course of business, of the day after payment is refused or notice received, to send notice to the prior endorser.

ASSUMPSIT by an endorsee against the endorser of a promissory note. The defence was want of proper notice of non-payment. The note was dated September 19th,

1851, for $400, payable to the order of the defendant at the Thames Bank, Norwich, four months after date. The note was endorsed by the defendant to the plaintiffs, and by them discounted at the Shoe and Leather Dealers Bank in Boston, and by said Bank transmitted to the Thames Bank for collection. The note, not having been paid on the 22d of January following, was protested and notice of protest and non-payment sent to the Shoe and Leather Dealers Bank. The clerk of this Bank testified that this notice was received on the 24th, and that on the same day he gave notice to the plaintiffs, and also mailed a notice to the defendant, who resided at Westerly. The post mark on this notice bore date on the 26th, but there was no evidence to contradict the statement of the witness. It was contended by the defendant that it was the duty of the plaintiffs, when they discounted or sent the note for collection, to have appraised the Banks of the place of residence of the defendant, so that they might have given notice of non-payment to all the parties to the note on the day of, or the day following the protest.

But the Court held that the plaintiffs were liable for only reasonable diligence, and that the rule was that the holder and each of the successive endorsers was entitled to a day for the purpose of giving notice of non-payment to the prior endorser. That if the note became due on the 22d, the notice should have been sent to the Shoe and Leather Dealers Bank, at the latest, by the mail of the next day, that this Bank would have until the day after its reception to notify the plaintiffs, and they the same time to notify the defendant. That the different endorsers were not, however, entitled to the whole of the day after the receipt of the notice to send it to the one

whom they might elect to hold, but must deposit the notice in the office in time for the first mail of the next day, leaving in the usual course of business ; that this rule did not require the mailing of the notice at unreasonable hours, as, if the mail should leave at two or three o'clock in the morning, notice need not be mailed in time for that mail, but in the usual course of business, and that they would lay down no definite rule as to what hour this time commenced, since the time might vary with the varying business habits and usages of different places, and was a question for the jury. But that though each of the endorsers was entitled to his day, no prior endorser could avail himself of the superior promptitude of his endorsee to protract the time of giving notice to those whom he might elect to hold, but that each must send the notice the day after its receipt, however much he may have received it before the time in which he might have received it in the legal course of notification. And the Court charged that if the plaintiffs received notice on the 24th of January, and deposited notice to the defendant in time for the first mail of the next day, leaving in the usual course of business, they were entitled to recover. Verdict for plaintiffs.

*A. C. Greene* for the plaintiff.

*Dixon* for the defendant.